IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DION'E KAEO-TOMASELLI, #A5004463, | ) ) ) | CIV. NO. 11-00670 LEK-RLP |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT IN PART |
| vs. | ) ) | |
| PI'IKOI RECOVERY HOUSE FOR WOMEN, MR. JOE CHAVEZ, MS. EVALANI SOUZA, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER DISMISSING COMPLAINT IN PART

Before the court is *pro se* Plaintiff Dion'e Kaeo-Tomaselli's ("Plaintiff") prisoner civil rights complaint.[1] Plaintiff is incarcerated at the Women's Community Correctional Center ("WCCC"). Plaintiff names the Pi'ikoi Recovery House for Women ("Pi'ikoi House"), Joe Chavez ("Chavez"), and Evalani Souza ("Souza") as defendants (collectively, "Defendants"). Plaintiff alleges that Defendants denied her public accommodation in housing on the basis of her gender in violation of her federal constitutional and statutory rights. Plaintiff also alleges that Souza slandered her.

The court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). Defendants Pi'ikoi House and Chavez are DISMISSED for Plaintiff's failure to state a claim

---

[1] Plaintiff is proceeding *in forma pauperis*. *See* ECF #[9].

against them.  Plaintiff is granted leave to amend the Complaint, if possible, to cure its deficiencies.

## I. **PLAINTIFF'S CLAIMS**

Plaintiff alleges that, on August 10, 2010, Souza informed an unidentified "witness" by telephone that she would not accept Plaintiff into Pi'ikoi House[2] as a resident because former residents had told Souza that Plaintiff "was a sex change."  Compl. at 5.  Plaintiff states that this is "false information . . . and for all intent[s] and purposes I am a female."  *Id.* at 6.  Plaintiff alleges that Souza's statements and refusal to accommodate her were discriminatory and slanderous.  Plaintiff further claims that Chavez is liable for Souza's allegedly discriminatory acts because he is the Head Supervisor at Oxford House, Inc., and he failed to properly train Souza.[3]  Plaintiff seeks compensation for her emotional and psychological trauma and payment for her psychological therapy.

---

[2] Pi'ikoi House is operated by TJ Mahoney & Associates, as "Ka Hale Ho`ala Hou No Na Wahine, The Home of Reawakening for Women." *See* http://reawakeningforwomen.org. It "is a non-profit 501(c)(3) organization dedicated to helping prison inmates become responsible, productive members of their communities." *Id.* TJ Mahoney began operations in Hawaii in 1990 through contracts with the Federal Bureau of Prisons and Pretrial Services and contracts with the State of Hawaii Department of Public Safety. *Id.*

[3] Oxford House, Inc., is "the 501(c)(3) nonprofit national umbrella organization of individual Oxford Houses" around the world.  *See* http://www.oxfordhouse.org.  TJ Mahoney's website provides three Oxford House recovery homes on Oahu listing Joe Chavez as a contact. *See* http://reawakeningforwomen.org. Pi'ikoi House is not one of these three houses.

## II. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.   DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a

person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Because Plaintiff does not identify the specific constitutional or statutory basis for her claims, the court construes the Complaint as alleging a violation of the Equal Protection Clause of the Fourteenth Amendment, the Fair Housing Act, and state common law.

**A.   Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This is "essentially a direction that all similarly situated persons should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). An Equal Protection claim can be stated in one of two ways. First, a plaintiff can allege that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *See Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998)(citing *Washington v. Davis*, 426 U.S. 229, 239-40 (1976)). Alternatively, if the claims do not involve a suspect classification, a plaintiff can establish

an equal protection "class of one" claim by alleging that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004).

Gender stereotyping is direct evidence of sex discrimination. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 251 (1989) (discussing discrimination under Title VII). The Ninth Circuit has also held that transgender individuals may state viable sex discrimination claims on the theory that the perpetrator was motivated by the victim's real or perceived failure to conform to socially-constructed gender norms. *See Schwenk v. Hartford*, 204 F.3d 1187, 1201-02 (9th Cir. 2000) (discussing the Gender Motivated Violence Act, 42 U.S.C. § 13981(c)).

Plaintiff is currently incarcerated at WCCC, which is the Hawaii state prison for women. It is unclear whether Plaintiff has undergone a sex change operation, or is a transsexual or transgender who has not yet done so.[4] Plaintiff

---

[4] A transsexual is "a person who strongly identifies with the opposite sex and may seek to live as a member of this sex especially by undergoing surgery and hormone therapy to obtain the necessary physical appearance" and a transgender is a person "who identifies with or expresses a gender identity that differs from the one which corresponds to the person's sex at birth."
(continued...)

is nonetheless being accommodated at WCCC, therefore, the court concludes that Plaintiff states an Equal Protection claim based on her real or perceived sex or gender.

**B.   Fair Housing Act**

The Fair Housing Act ("FHA") of 1968, also known as Title VIII, "protects against discrimination 'in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race, color, religion, sex, familial status, or national origin[.]'"  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004) (discussing pleading requirements pursuant to the FHA and explaining that the burden-shifting framework set forth in *Price Waterhouse*, 490 U.S. 228, applies to FHA claims); *see also* 42 U.S.C. § 3604(b).  For the reasons set forth above, the court concludes that Plaintiff states a claim under the FHA.

**C.   Pi'ikoi House is Dismissed**

Claims under § 1983 are directed at "persons," and a building, such as Pi'ikoi Recovery House for Women is not a "person" amenable to suit under § 1983.  *See e.g., Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989) (citing

---

⁴(...continued)
*See* http://www.merriam-webster.com/dictionary.

*Monroe v. Pape*, 365 U.S. 167 (1961)); *see also Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) (holding that a court is not a "person" within the meaning of § 1983).  Similarly, the FHA principally forbids *owners* or *sellers* of real property from discriminating against qualified renters or purchasers because of their membership in a protected class.  *See* 42 U.S.C. § 3604.

Pi'ikoi House, is simply a building and cannot be held liable for discrimination under § 1983 or the FHA.  To the extent that Plaintiff alleges federal constitutional or statutory violations against Pi'ikoi House, her claims are DISMISSED.

**D.  Defendant Chavez is Dismissed**

Plaintiff presents no facts showing Chavez's personal involvement in the events at issue.  That is, Plaintiff simply states that Souza told an unnamed witness on the telephone that she would not accept Plaintiff at Pi'ikoi House because Plaintiff had a sex change operation.  Chavez is not alleged to have been present during this exchange, nor are there any allegations that Chavez had knowledge of the conversation between Souza and the unnamed witness, or directed Souza to deny residence at Pi'ikoi House to Plaintiff in particular or transsexuals in general. Importantly, Plaintiff does not explain how Chavez, who she alleges is the "Head Supervisor of Oxford House, Inc.," has any connection or supervisory authority over Souza, who is the resident manager at Pi'ikoi House, operated by TJ Mahoney &

Associates.  Plaintiff's claim against Chavez is the quintessential "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court dismissed in *Iqbal*, for failure to state a claim.  129 S. Ct. at 1949.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.  This standard does not require probability, but it does demand "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "[N]aked assertion[s]" devoid of "further factual enhancement[,]" however, are insufficient to state a claim.  *Twombly,* 550 U.S. at 557.  Plaintiff's naked assertion that Chavez failed to properly train Souza, with no allegation of supporting facts that show Plaintiff is entitled to relief, does not state a claim.

Moreover, under § 1983, a supervisor may be held liable only on a showing of his or her personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (*en banc*) (citation omitted).  In other words, a

plaintiff must allege that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may also be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001). Plaintiff makes no such assertions and her claims against Chavez are DISMISSED.

**E.   Slander**

Plaintiff alleges that Souza slandered her when she told Plaintiff's unnamed witness that she believed Plaintiff "was a sex change." Compl. at 5. In Hawaii, a plaintiff must establish four elements to sustain a claim for defamation (slander): "(a) a false and defamatory statement concerning another; b) an unprivileged publication to a third party; c) fault amounting at least to negligence on the part of the publisher [actual malice where the plaintiff is a public figured); and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Wilson v. Freitas*, 214 P.3d 1110, 1118, 121 Haw. 120, 128 (Haw. App. 2009). Plaintiff has stated a claim for slander against Souza.

//

**F.    Leave to Amend**

The Complaint is DISMISSED in part for failure to state a claim. Plaintiff may file a proposed amended complaint on or before [December 15, 2011]. The proposed amended complaint must cure the deficiencies noted above regarding her claims against Pi'ikoi House and Chavez, specifically demonstrating how they, or another defendant, are amenable to suit and violated her federal constitutional or statutory rights.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

In the alternative, Plaintiff may opt not to amend the Complaint, waive the claims against Chavez and Pi'ikoi House as discussed and dismissed herein, and proceed on her claims against Souza. If Plaintiff does not file an amended complaint on or before December 15, 2011, she will be deemed to have opted to proceed only with her claims against Souza, and the court will

order service of the Complaint on Souza, as dismissed in part herein.

## IV.  CONCLUSION

IT IS HEREBY ORDERED that:

(1)  The Complaint is DISMISSED in part for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).  Specifically, Defendants Pi'ikoi House and Chavez are DISMISSED.  Plaintiff's claims as alleged against Defendant Souza state a claim and shall proceed.

(2)  Plaintiff is GRANTED until **December 15, 2011**, to either file a proposed amended complaint that cures the deficiencies as noted above or be deemed to have waived the dismissed claims and defendants and to have chosen to proceed only with her claims Defendant Souza.  If Plaintiff does not file an amended complaint by **December 15, 2011**, the court will direct service of the Complaint on Defendant Souza.

(3)  The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that she may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 16, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Kaeo-Tomaselli v. Pi'ikoi Recovery House for Women, et. al.,* Civ. No. 11-00670 LEK-RLP, Order Dismissing Complaint in Part; psa/Screening/dmp/ 2011/Tomaselli 11-670 LEK (dsm in part, ftsc, imp. d's lv amd)