IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DION'E KAEO-TOMASELLI, #A5004463, | ) ) ) | CIV. NO. 11-00670 LEK-BMK |
| Plaintiff, | ) ) ) | ORDER DENYING INJUNCTIVE RELIEF AND DISMISSING DEFENDANT T.J. |
| vs. | ) ) | MAHONEY AND ASSOCIATES |
| EVALANI SOUZA; PI'IKOI RECOVERY HOUSE, T.J. MAHONEY AND ASSOCIATES, | ) ) ) ) | |
| Defendants. | ) ) | |

## **ORDER DENYING MOTION FOR INJUNCTIVE RELIEF AND DISMISSING DEFENDANT T.J. MAHONEY AND ASSOCIATES**

On November 16, 2011, the court screened Plaintiff's prisoner civil rights Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). ECF #5. The court dismissed Defendants Pi'ikoi Recovery House for Women ("Pi'ikoi House") and Joe Chavez for Plaintiff's failure to state a claim against them, with leave granted to amend if possible. *See id.*, at 7-10.

On December 9, 2011, Plaintiff filed her First Amended Complaint ("FAC"). ECF #6. In the FAC, Plaintiff abandoned her claims against Chavez and Pi'ikoi House, realleged claims against Evalani Souza, and raised new claims against T.J. Mahoney and Associates ("TJ Mahoney's"), based on the court's *dicta* in footnote 2, that "Pi'ikoi House is operated by TJ Mahoney & Associates." ECF #5 at 2 n.2. The court screened the FAC, determined it stated a cognizable claim for relief, and directed the U.S. Marshal to serve it on Plaintiff's behalf. ECF #7.

Plaintiff now notifies the court that the Women's Community Correctional Center's ("WCCC") Acting Warden, Milton Kotsubo, has informed her that Pi'ikoi House is not affiliated with TJ Mahoney's. *See* ECF #15 (correspondence dated 1/25/2012). Plaintiff also moves for unspecified injunctive relief against Kotsubo, for giving a copy of the summons naming TJ Mahoney's to Plaintiff's drug counselors at the Hina Mauka drug rehabilitation center. *See* ECF #14. Plaintiff does not explain what harm this has caused her, or what relief she seeks.

For the following reasons, Defendant TJ Mahoney's is DISMISSED from this action and Plaintiff's claim for injunctive relief is DENIED. Plaintiff's claim against Evalani Souza remains and shall proceed upon service of the FAC on Souza.

## I. Claims Against TJ Mahoney's Are Dismissed

After reviewing Plaintiff's claims in her letter and motion, and conducting a more careful review of publicly available information, it is clear that TJ Mahoney's does not operate Pi'ikoi House, notwithstanding the court's contrary dicta in the November 16 Order dismissing Plaintiff's original Complaint. *See* http://reawakeningforwomen.org/. As Warden Kotsubo told Plaintiff, TJ Mahoney's simply provides inmates with a list of halfway homes, including Pi'ikoi House, to help them find housing and thereby transition into the community. TJ Mahoney's does not own, operate, or in any other manner claim

responsibility for Pi'ikoi House or its employees. The only basis for Plaintiff's claims against TJ Mahoney's was premised on the court's incorrect information in its footnote. Plaintiff provides no other basis for holding TJ Mahoney's responsible for her allegations against Pi'ikoi House's resident manager Evalani Souza. Plaintiff therefore fails to state a claim against T.J. Mahoney's and Associates and claims against them are DISMISSED. *See* 28 U.S.C. § 1915(d)(2).

**II. Plaintiff's Request for Injunctive Relief is Denied.**

"A plaintiff seeking a preliminary injunction must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977) (A plaintiff "seeking a restraining order must make a persuasive showing of irreparable harm and likelihood of prevailing on the merits."). This formulation is not stated in the disjunctive -- to obtain a preliminary injunction, a party "must demonstrate that there exists a significant threat of irreparable injury." *See Am. Trucking Assocs. v. City of L.A.*, 599 F.3d 1046, 1052 (9th Cir. 2009) ("[A]n injunction cannot issue merely because it is possible that there will be an

irreparable injury to the plaintiff; it must be likely that there will be." (citing *Winter*, 555 U.S. at 22)).

Plaintiff fails to explain what harm she has or may suffer by Kotsubo's actions.  This suit is a matter of public record; Kotsubo's revealing a copy of the summons to Plaintiff's drug counselors is not a breach of confidentiality or any other apparent violation.  Plaintiff's motion for injunctive relief is DENIED.

**III. Conclusion**

1. Defendant T.J. Mahoney and Associates is DISMISSED for Plaintiff's failure to state a claim.  Because amendment to this claim is futile, this dismissal is with prejudice and without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

2.  Service remains appropriate for Defendant Evalani Souza.  It is Plaintiff's responsibility to ensure that Souza is served and to ascertain that the U.S. Marshal's Service has Souza's address so that service can be perfected on Souza.

//
//
//
//
//
//

3. The Clerk shall send a copy of this Order to the U.S. Marshal and to T.J. Mahoney and Associates at: 524 Kaaahi Street, Honolulu, HI 96817.

IT IS SO ORDERED.

Honolulu, Hawaii, February 2, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Kaeo-Tomaselli v. souza, et al.,* Civ. No. 11-00670 LEK-BMK, ORDER DENYING INJUNCTIVE RELIEF AND DISMISSING DEFENDANT T.J. MAHONEY AND ASSOCIATES; psa/ Ords/2012/Tomaselli 11-670 LEK-BMK (dsm TJ Mahoney's, dny inj)