IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DION'E KAEO-TOMASELLI, #A5004463, | ) CIV. NO. 11-00670 LEK/BMK ) ) |
| Plaintiff, | ) ORDER DENYING DEFENDANT IWALANI ) SOUZA'S MOTION TO DISMISS |
| vs. | ) ) |
| PI`IKOI RECOVERY HOUSE FOR WOMEN, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER DENYING DEFENDANT IWALANI SOUZA'S MOTION TO DISMISS

Before the court is Defendant Iwalani Souza's motion to dismiss for Plaintiff's alleged failure to timely serve the pleadings.[1] ECF #32. Plaintiff initiated this action on November 1, 2011. On December 9, 2011, Plaintiff filed a first amended complaint ("FAC"). ECF #6. On December 16, 2011, the court directed Plaintiff to complete and return the service documents to the U.S. Marshal's Service, so that the Marshal could serve the FAC on Plaintiff's behalf. ECF #7, #8, #9. The Marshal effected service on Defendant T.J. Mahoney and Associates on January 6, 2012, but was unable to serve Souza, although Plaintiff apparently provided Souza's correct alternate address. *See* ECF #12, #13.

---

[1] Souza's motion and answer spell her name alternately as "Ewalani" Souza and "Iwalani" Souza.

On June 28, 2012, the court extended the time for service of the pleadings until August 13, 2012. ECF #21. The Marshal sent the waiver of service documents to Souza on August 3, 2012, who received them and the FAC on or about August 8, 2012. *See* ECF #30. On that same day the court granted Plaintiff's motion to file a second amended complaint ("SAC") and directed its service. ECF #26.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "[ D]istrict courts have broad discretion under General Rule 4(m) to extend time for service even without a showing of good cause." *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). "[T]he district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing *Sheehan*, 253 F.3d at 514).

Souza is deemed to have received service of process on the day that the Marshal sent her the waiver documents, August 3, 2012. *See* Fed. R. Civ. P. 4(d)(1-3), & 12(a)(1)(A)(ii) (counting

service from the date the waiver is sent, not from the date it is received). Therefore, service was timely and Souza's motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 29, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Kaeo-Tomaselli v. Pi'ikoi Recovery House for Women, et al.*, 1:11-cv-00670 LEK-BMK, ORDER DENYING DEFENDANT IWALANI SOUZA'S MOTION TO DISMISS; psa/Ords/dmp/ 2012/Tomaselli 11-670 lek (dny mdsm fail timely serve)